IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL M. JENKINS, #1510019,<br>   Petitioner, | §<br>§<br>§ | |
| v. | § | 3:12-CV-1454-L-BK |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>   Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On June 6, 2008, Petitioner was convicted of capital murder and was sentenced to life without parole. *State v. Jenkins*, No. F07-51595 (195th Judicial Dist. Court, Dallas County, 2008), *aff'd*, No. 06-08-00146-CR (Tex. App, Texarkana, Mar. 17, 2009, pet. ref.). The Texas Court of Criminal Appeals (CCA) refused a petition for discretionary review (PDR) on August 19, 2009. *See* No. PD-0631-09. On September 25, 2009, Petitioner filed a state habeas application, which the CCA denied on March 30, 2011. *Ex parte Jenkins*, No. WR-74,244-02.[1]

---

[1] The dates listed above were verified through information available on the Dallas County website (under criminal background information), the Texas Court of Appeals website, and the

Thereafter, on May 10, 2012, Petitioner filed the federal petition presently at issue. In four grounds, he alleges insufficiency of the evidence, prosecutorial misconduct, ineffective assistance of counsel at trial, and judicial indiscretions. (Doc. 3 at 7-8).[2]

## II. ANALYSIS

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). After advising Petitioner of the same, the Court granted him an opportunity to explain why his petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner has filed a response. (Doc. 7 at 4).

The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable here.[3]

---

Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on May 4, 2012, the earliest possible date on which Petitioner could have handed his petition to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system)

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

Petitioner's conviction became final on November 17, 2009, ninety days after the CCA refused his PDR. *See* SUP. CT. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Petitioner's state application, filed on September 25, 2009, before his conviction became final, remained pending until March 30, 2011, during which time the one-year period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of limitations period during pendency of state habeas proceedings). Thus, the one-year period began to run on March 31, 2011, and expired one year later on March 31, 2012. Because that date fell on a Saturday, the limitations period was extended to Monday April 2, 2012. *See* FED.R.CIV.P. 6(a). Therefore, the federal petition, deemed filed as of May 4, 2012 – 32 days after the one-year period elapsed – is time barred under 2244(d)(1)(A), absent equitable tolling.

**B. Equitable Tolling**

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

Petitioner requests equitable tolling because of his "incompetents [sic] . . . [with] the law" and "so [that he] can prove [his] innocence." (Doc. 7 at 4). His case, however, does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See*

*Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). While he promptly filed his state habeas application, even before the one-year period began to run, his diligence ended there. Following the denial of his state application, Petitioner delayed 400 days, clearly more than one year, before he mailed the federal petition in this case.

Moreover, Petitioner does not provide a reason for the delays in his case. (Doc. 7 at 5). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED August 27, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE