IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARRELL M. JENKINS, #1510019,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:12-CV-1454-L-BK** |
| | § | |
| **RICK THALER, Director** | § | |
| **Texas Department of Criminal Justice**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Darrell M. Jenkins's ("Jenkins" or "Petitioner") Petition for Writ of Habeas Corpus, filed May 10, 2012, pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 27, 2012, recommending that Jenkins's habeas petition be denied and the action dismissed with prejudice as barred by limitations. On September 13, 2012, Jenkins filed a Motion for Reconsideration of Magistrate Judge's Findings and Recommendation, which the court construes as objections to the Report (Doc. 13). On the same day, Jenkins filed a Motion for Leave to File an Amended Pleading to the Court's Previous Order (Doc. 14).

The court determines that the objections asserted to do not cure the untimeliness of his petition or affect the magistrate judge's determination in this regard. Accordingly, the court **overrules** the objections. Because the court determines that amendment would be futile, the court **denies** Jenkins's Motion for Leave to File an Amended Pleading. Accordingly, having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the

court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **denies** Jenkins's Petition for Writ of Habeas Corpus, and **dismisses** this action **with prejudice** as barred by applicable statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

**It is so ordered** this 18th day of September, 2012.

Sam A. Lindsay
United States District Judge