IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL M. JENKINS, #1510019 | § | |
| | § | |
| v. | § | 3:12-CV-1454-L-BK |
| | § | |
| RICK THALER, Director | § | |

## AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for findings and recommendation regarding whether Petitioner delivered his notice of appeal to prison officials for mailing on or before October 18, 2012. (Doc. 18).

The mail log maintained by the Allred Unit of the Texas Department of Criminal Justice reflects that Petitioner deposited his *pro se* notice of appeal in the prison' internal mail system on October 23, 2012, five days after the October 18, 2012 deadline for filing a timely notice of appeal. (Doc. 21 at 2). Although explicitly granted the opportunity to weigh in on the issue, Petitioner did not respond. Thus, there being no evidence to the contrary, the Court finds that Petitioner deposited his notice of appeal in the prison's internal mail system on October 23, 2012, five days after the deadline for filing a timely notice of appeal. *See* FED. R. APP. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing").

Accordingly, it is recommended that the Court find that Defendant's notice of appeal was untimely.

SIGNED May 8, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE